UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SUZIE STEEN, | ) | No. 07-1395 SC |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING |
| | ) | PLAINTIFF'S |
| v. | ) | APPLICATION FOR |
| | ) | <u>ATTORNEY FEES</u> |
| MICHAEL J. ASTRUE, Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## I. INTRODUCTION

Now before the Court is Plaintiff Suzie Steen's ("Plaintiff") application for attorney fees, and the accompanying memorandum in support ("Memorandum"). Docket Nos. 26, 27. Defendant Michael J. Astrue ("Defendant") has filed an Opposition, and Plaintiff filed a Reply. Docket Nos. 28, 29. Having considered the papers filed by both parties, the Court GRANTS Plaintiff's application.

## II. BACKGROUND

Plaintiff brought this case before the Court seeking review and reversal of the Social Security Commissioner's final decision denying her claim for Social Security Disability Insurance benefits. See Compl., Docket No. 1. On September 29, 2008, this Court granted Plaintiff's motion for summary judgment, denied

1  Defendant's cross motion for summary judgment, and reversed the
2  final decision of the Commissioner. Docket No. 24. The
3  underlying facts are described in detail in that Order. Plaintiff
4  now seeks attorney fees under the Equal Access to Justice Act
5  ("EAJA"), 28 U.S.C. § 2412(d). The EAJA caps hourly rates at
6  $125.00, and Plaintiff seeks rates of $166.46, which permissibly
7  incorporates a cost of living increase at 2007 levels.[1] See Mem.
8  at 6; 28 U.S.C. § 2412(d)(2)(A). Plaintiff seeks $11,535.67 for a
9  total of 69.3 hours of attorney time.[2] Mem. at 6. Defendant does
10 not oppose the hourly rates that the Plaintiff seeks, but claims
11 that the amount of hours are unreasonable. Opp'n at 2.

### III. LEGAL STANDARD

In certain circumstances, a party that prevails against the United States in a civil action is entitled to reasonable attorney fees under the EAJA. 28 U.S.C. § 2412(d). The plaintiff has the burden of establishing that the fees requested are reasonable. See Gates v. Deukmejian, 987 F.2d 1392, 1397 (9th Cir. 1992). If the court concludes that the requested fees are unreasonable, the court may reduce the award accordingly. Hensley v. Eckerhart, 461 U.S. 424, 433-34 (1983).

---

[1] Plaintiff is willing to use this figure for time billed in both 2007 and 2008. Mem. at 6.

[2] At various places in her application, Plaintiff requests $12,118.28. See Application at 1; Mem. at 6. She does not justify this higher figure, and all of her calculations appear to be directed towards the $11,535.67 figure. See id. The Court assumes that the higher figure was stated in error. In addition, Plaintiff has waived fees for time spent preparing the Reply. Reply at 6.

2

## IV. DISCUSSION

Defendant requests that the Court reduce the hours used to calculate the award from 69.3 hours down to 34.8 hours, on the grounds that the amount of hours charged by Plaintiff's attorneys is unreasonable. Opp'n at 2-5. Defendant objects to two different activities for which time is billed. First, Defendant claims that the amount of hours spent reviewing the record and drafting the opening brief for summary judgment (a total of 41 hours) and the reply brief (another 17 hours) was unreasonable. Id. at 2-3. Defendant contends that the case was not complicated and should have been completed in 30 hours or less. Id. at 3-4.

Having reviewed a number of decisions addressing similar objections, the Court concludes that the amount of time that Plaintiff's attorney spent on the summary judgment motion is not unreasonable. While Defendant cites numerous cases that are much closer to the thirty-hour range that Defendant seeks to use as a benchmark, see id. at 3, the Court is mindful of the size of the record here (326 pages, see Reply at 3), the level of familiarity with the record exhibited by Plaintiff's attorney in the briefings, and the complete success achieved by Plaintiff's attorney. The fifty-eight hours spent on the motion for summary judgment is certainly towards the higher end of the spectrum, compared to other cases that the Court has reviewed. See, e.g., Laosouvanh v. Astrue, 140 Soc. Sec. Rep. Service 284 (E.D. Cal. 2009) (finding "the claimed 43 hours of attorney time devoted to the preparation of the complaint and the briefing on the summary

3

1  judgment motion to be a completely reasonable amount of attorney
2  time to have expended."). However, this amount of time is by no
3  means unprecedented. See, e.g., Sanfilippo v. Astrue, 140 Soc.
4  Sec. Rep. Service 46 (S.D. Cal. 2009) (awarding fees for 72.15
5  hours of work); Nayab v. Astrue, 136 Soc. Sec. Rep. Service 305
6  (S.D. Cal. 2008) (awarding fees for seventy-three hours of work).
7  The Court finds the request for this time to be reasonable.

8  Defendant's second objection is to the 7.25 hours that
9  Plaintiff's attorneys billed to complete the EAJA Application
10 (i.e., the request for fees now at issue). Opp'n at 4. A
11 Plaintiff is entitled to fees for time spent litigating the issue
12 of attorney fees. Love v. Reilly, 924 F.2d 1492, 1497 (9th Cir.
13 1991). Defendant claims that the application merely requires a
14 showing that the plaintiff prevailed, is eligible to recover a fee
15 award, and an itemized statement of time and expenses. Opp'n at
16 4. Defendant contends that this could have been completed in two
17 hours. Id. The Application was filed with a six-page memorandum
18 that includes legal arguments anticipating objections that
19 Defendant could have raised to the fee application. See Mem.
20 Although Defendant has not raised those arguments, Plaintiff's
21 attorneys cannot be faulted for anticipating and fully briefing
22 issues that could have plausibly been raised by Defendant. The
23 Court concludes that an attorney could reasonably have spent 7.25
24 hours researching and drafting the memorandum. The Court
25 therefore declines to reduce the amount of this fee request.
26 ///
27 ///
28

4

**V.     CONCLUSION**

For the reasons stated above, the Court GRANTS Plaintiff's application for attorney fees, and AWARDS Plaintiff $11,535.67 in attorneys fees.

IT IS SO ORDERED.

Dated: May 26, 2009



UNITED STATES DISTRICT JUDGE

5